**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

No. 03-4826

DAVID L. FARMER,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CR-02-47)

Submitted: April 7, 2004

Decided: May 12, 2004

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Michael A. Bragg, BRAGG & ASSOCIATES, P.L.C., Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

David L. Farmer appeals his conviction by a jury of two counts of threatening federal witnesses, in violation of 8 U.S.C. § 1512(b)(1) (2000). Finding no reversible error, we affirm.

On appeal, Farmer asserts that the district court erred in denying his motion for a new trial based on the prosecutor's remark that two Government witnesses, Jerry Poore and Edwin Shomaker, had given credible testimony in a prior trial. Farmer asserts the prosecutor's comment constituted improper bolstering of the witnesses' testimony based on another jury's decision in a different proceeding. A prosecutor's improper closing argument may "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Wilson*, 135 F.3d 291, 297 (4th Cir. 1998) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)) (internal quotation marks omitted). In determining whether a defendant's due process rights were violated by a prosecutor's closing argument, this Court considers whether the remarks were, in fact, improper, and, if so, whether the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial. *Id.*

The prosecutor's argument in this case was improper. This Court has held that "it is the providence of the defendant's jury to resolve issues of credibility: referring to what another jury may have done is clearly improper." *United States v. Mitchell*, 1 F.3d 235, 240 (quoting *United States v. Samad*, 754 F.2d 1091, 1100 (4th Cir. 1984) (observing that a prosecutor may not argue evidence not presented to the jury)). The prosecutor's statement that "[b]ase[d], in part, on [Poore and Shomaker's] credible testimony [Ealy] was convicted," clearly constituted an improper invitation to the jury to consider evidence not presented at trial. The comment in this case, however, although erroneous, was not so prejudicial as to deny Farmer a fair trial. After analyzing the comment under the six-factor test articulated in *Wilson*, we conclude that the comment did not so substantially prejudice Farmer's rights that he was denied a fair trial. *Wilson*, 135 F.3d at 299. The district court's denial of the motion for a new trial was thus not an abuse of discretion. *See United States v. Stewart*, 256 F.3d 231, 241 (4th

Cir. 2001) (setting forth standard for reviewing denial of motion for new trial).

Accordingly, we affirm Farmer's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*